FILED
United States Court of Appeals
Tenth Circuit

November 5, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EUGENIO NAVARRO JR.,

Plaintiff - Appellant,

v.

JOHN BLOOR, medical doctor at state hospital from Pueblo; CARY SHAMES, medical doctor at state hospital from Pueblo,

Defendants - Appellees.

No. 07-1244

(D. Colorado)

(D.C. No. 06-cv-1577-WYD-BNB)

---

ORDER AND JUDGMENT[*]

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Appellant Eugenio Navarro, Jr. is an inmate in the custody of the Colorado Department of Corrections. In August 2006 he filed a claim under 42 U.S.C. § 1983 in the United States District Court for the District of Colorado against Dr. John Bloor, Dr. Cary Shames, and others. He was permitted to proceed *in*

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*forma pauperis*. On February 1, 2007, all defendants but Drs. Bloor and Shames were dismissed.

On February 8, 2007, the district court ordered the United States Marshal to effect service upon Drs. Bloor and Shames. The marshal attempted service upon them at the Colorado Mental Health Institute at Pueblo, the address that Mr. Navarro had provided in his complaint; but the marshal was informed that they no longer worked there and that their current addresses were not known. On March 8 the summonses were returned unexecuted.

On April 2 a magistrate judge ordered Mr. Navarro to show cause, on or before April 30, why his amended complaint should not be dismissed. In response Mr. Navarro stated that he would like to put forth greater effort in locating the defendants, but could not do so because he was incarcerated. He stated that he was "considering" requesting a private investigator and attorney to assist him in locating the defendants. R. Vol. I, Doc. 23 at 1. Because Mr. Navarro had not yet served the defendants, had not established good cause for that failure, and had not "indicated that he actually has or will take steps to locate the defendants," R. Vol. I, Doc. 24 at 2, the magistrate judge recommended that his complaint be dismissed. The recommendation informed Mr. Navarro that

> the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge . . . and also waives appellate review of both factual and legal questions.

*Id.* at 2–3 (citation omitted). Mr. Navarro filed a motion for extension of time to locate the defendants, but filed no written objection. On May 8, 2007, the district court adopted the recommendation and dismissed the complaint without prejudice. Mr. Navarro appeals.

"This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005). Unless the interests of justice require otherwise, the waiver rule applies equally to pro se litigants, provided that the magistrate judge informs them of "the time period for objecting and the consequences of failing to object." *Id.* The magistrate judge clearly informed Mr. Navarro of both the time period for objecting and the consequences for failing to do so. Thus, we need consider only the interests of justice.

In *Morales-Fernandez* we explained that "the interests of justice analysis we have developed . . . is similar to reviewing for plain error." *Id.* at 1120. "Plain error occurs when there is (1) error (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Gonzales-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (internal quotation marks omitted).

We see no plain error here. Indeed, we see no error. *See Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000) ("We review for abuse of discretion a district

court's dismissal for failure to effect service."). Some nine months after the complaint had been filed, there was no certain prospect that the two remaining defendants would be served. Mr. Navarro had not demonstrated past diligence or any sense of urgency. Nor has he argued in district court or on appeal that the dismissal without prejudice would create a limitations-period problem for him. Rather than cluttering the docket with an inactive case, the district court could quite properly dismiss it without prejudice.

We AFFIRM the district court's ruling.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge